IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| Henry C. FICKLIN, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 5:09-CV-191 (MTT) |
| BIBB COUNTY SCHOOL DISTRICT, | ) | |
| Defendant. | ) | |

## ORDER

The Defendant moves **this Court** to reconsider its Order of February 17, 2011 granting in part and denying in part the Defendant's Motion for Summary Judgment (Doc. 38). That Order granted the Defendant's Motion for Summary Judgment with regard to all claims asserted by the Plaintiff except for the Plaintiff's claim that the Defendant retaliated against him for asserting his Age Discrimination in Employment Act rights when it reassigned him from teaching students in the eleventh and twelfth grades to teaching freshman students. Defendant raises two arguments. First, the Defendant claims that, as a matter law, the reassignment was not a materially adverse action. Second, the Defendant contends that former Southwest Principal Tyrone Bacon was the actual decision maker and, for the first time, argues there was no evidence Bacon was aware that the Plaintiff had asserted his ADEA rights.

The Court declines to reconsider its Order. The Plaintiff offered sufficient evidence to create a genuine issue of material fact with regard to whether his reassignment was a

materially adverse action.  With regard to the Defendant's second argument, **<u>raised for the first time</u>**, some brief discussion is necessary.

In its earlier briefs, the Defendant took the position that Bacon was the decision maker.  If the Defendant truly believed that Bacon was unaware of the Plaintiff's claims of discrimination, the Defendant surely would have produced evidence of Bacon's ignorance when it moved for summary judgment.  However, given the facts and circumstances surrounding the Plaintiff and his claims, it seems9 highly unlikely that Bacon was not aware of the Plaintiff's claims.  Even still, if the Defendant wished to raise this issue, it could have taken the position, in its earlier briefs, that the Plaintiff had not adduced any evidence of knowledge on the part of Bacon of the Plaintiff's protected conduct.  Yet the Defendant did not do this.  Again, it raises this issue for the first time in its Motion for Reconsideration.  Typically, the Court would not consider an argument first raised in a motion for reconsideration.

However, the issue is moot, because Bacon has now testified, perhaps not surprisingly, that he was aware that the Plaintiff was claiming the Defendant had discriminated against him when he reassigned the Plaintiff to teach younger students.

Accordingly, the Defendant's Motion for Reconsideration is denied.  However, as noted in the Court's earlier order, neither party offered any evidence with regard to Bacon's reason for reassigning the Plaintiff to teach ninth grade.  Bacon has now testified about his claimed reason for that reassignment and that raises the issue of whether his reason constitutes a legitimate, nondiscriminatory reason for that reassignment and whether, if it is, the Plaintiff can demonstrate pretext.  The Plaintiff shall have until April 8, 2011 to brief

those issues.  The Defendant has ten days from the date the Plaintiff's brief is filed to file its reply brief on those issues.  The case remains on the Court's June trial calendar.

**SO ORDERED**, this 30th day of March, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
