# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| Henry C. FICKLIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:09-CV-191 (MTT) |
| BIBB COUNTY SCHOOL DISTRICT, | ) ) ) |
| Defendant. | ) ) |

## ORDER

This matter is before the Court on reconsideration of the Defendant's Motion for Summary Judgment. (Doc. 20). For the following reasons, the Motion for Summary Judgment is **GRANTED** on all claims.

### I.  FACTUAL BACKGROUND

This action involves allegations by Plaintiff Henry Ficklin that Defendant Bibb County School District violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* On February 17, 2011, the Court entered an order granting summary judgment on all claims except Ficklin's claim that his reassignment from eleventh and twelfth grades to ninth grade was retaliatory. (Doc. 35). The Court denied summary judgment on that claim because the BCSD never submitted admissible evidence of the reason for Ficklin's reassignment and thus failed to advance a legitimate, nondiscriminatory reason for Ficklin's reassignment. The BCSD moved for reconsideration, alleging that summary judgment on the reassignment to ninth grade was appropriate because the reassignment was not a materially adverse action and because there was no evidence that the decision-

maker, then-Southwest High School Principal Tyrone Bacon, knew Ficklin had engaged in protected activity. (Doc. 38). Because the record was silent on the circumstances surrounding Ficklin's reassignment, the Court subpoenaed Bacon to testify.

Bacon testified that teachers were reassigned every year based upon factors such as test scores and best use of newly-learned pedagogical teaching methods. At the time of the reassignment, Southwest had not made adequate yearly progress, as required by the No Child Left Behind Act of 2001, 20 U.S.C. § 6311(b)(2), for five consecutive years. Bacon claimed he reassigned Ficklin to ninth grade because he wanted to improve test scores and he believed other teachers could provide better upper-level instruction. Bacon also professed concern that Ficklin had several time commitments outside the classroom, including his role as Director of the Law Academy at Southwest, and decided to place him where "his other duties as assigned would not affect test scores or other things." (Doc. 48, at 12). Bacon also testified that he reassigned another teacher to lower-level courses that year to improve test scores. In short, Bacon claimed that he did not discriminate against Ficklin. In fact, Bacon had earlier recommended Ficklin for assistant principal of Southwest even though he knew Ficklin had filed a charge of discrimination against the BCSD.

The Court denied the Motion for Reconsideration because there was sufficient evidence that the reassignment was materially adverse; the BCSD raised the question of whether Bacon knew Ficklin had engaged in protected speech for the first time in its Motion for Reconsideration; and, in any event, Bacon testified that he was aware Ficklin had charged the BCSD with discrimination. (Doc. 46).

However, because Bacon testified about the reasons for Ficklin's reassignment, the Court instructed the Parties to brief the issues of whether Bacon's proffered reasons for reassigning Ficklin were legitimate, nondiscriminatory reasons and whether Ficklin can prove these reasons were pretextual. These are the only two issues that will be addressed in the Order.

## II. DISCUSSION

Summary judgment must be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "A factual dispute is genuine only if 'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)). The burden rests with the moving party to prove that no genuine issue of material facts exists. *Info. Sys. & Networks Corp.*, 281 F.3d at 1224. The district court must "view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor." *Id.*

It is unlawful for an employer to discriminate against an employee for making a charge pursuant to the ADEA. 29 U.S.C. § 623(d). ADEA retaliation cases utilize the *McDonnell Douglas* burden-shifting framework from Title VII retaliation cases. *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993). To establish a prima facie case of retaliation, a plaintiff must establish that (1) he engaged in protected expression; (2) he was subsequently subjected to a materially adverse action; and (3) there was a causal link between the protected activity and the materially adverse action. *Goldsmith v.*

*Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008). If a plaintiff establishes a prima facie case of retaliation, the defendant must overcome the resulting presumption of retaliation by articulating a legitimate, nondiscriminatory reason for its actions. *Hairston*, 9 F.3d at 919. If the defendant meets this burden of production, the burden shifts back to the plaintiff to establish pretext. *Id.*

The defendant's burden has been described as "exceedingly light." *Perryman v. Johnson Products Co., Inc.*, 698 F.2d 1138, 1142 (11th Cir. 1983). Nevertheless, "the defendant's explanation of its legitimate reasons must be clear and reasonably specific so that the plaintiff can be afforded a full and fair opportunity to demonstrate pretext." *Chapman v. AI Transport*, 229 F.3d 1012, 1034 (11th Cir. 2000) (quotations and citation omitted).

Once the defendant articulates a legitimate, nondiscriminatory reason, the plaintiff may prove pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer *or* indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981) (emphasis added). However, if the proffered reason is one that might have motivated a reasonable employer, the employee "must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Chapman*, 229 F.3d at 1030. If a defendant articulates more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive summary judgment. *Id.* at 1037. If a plaintiff attempts to prove pretext by showing that he was more qualified than the person selected to fill a position, "the difference in qualifications must be so glaring that no reasonable impartial person could have chosen the candidate selected

for the [job] in question over the plaintiff."  *Vessels v. Atlanta Indep. Sch. Sys.,* 408 F.3d 763, 772 (11th Cir. 2005).

As discussed in the Order denying the Motion for Reconsideration, Ficklin has established a prima facie case of discrimination.  Because Ficklin has established a prima facie case of discrimination, the BCSD must articulate a legitimate, nondiscriminatory reason for reassigning him to ninth grade.  First, it should be noted that it is now clear that Bacon, and not the BCSD's Board of Education, superintendent, or any other central office employee, made the decision to reassign Ficklin.  On their face, Bacon's reasons for reassigning Ficklin clearly were legitimate and nondiscriminatory.  Reassigning Ficklin and filling his upper-level courses with teachers who allegedly could provide better instruction to improve test scores constitutes a legitimate, nondiscriminatory reason.  It is also a legitimate, nondiscriminatory reason to reassign a teacher because he has time commitments outside the classroom.

Ficklin claims that Bacon's reasons for reassigning him based upon his extracurricular activities were pretextual because many of his Law Academy responsibilities were removed starting in April 2009.  Ficklin also argues that there was no evidence other teachers could provide better instruction and his scores were similar to other teachers at that level.[1]

---

[1] Ficklin also argues that Bacon's reasons were pretextual because at an earlier hearing, the BCSD's counsel gave other reasons for the reassignment.  In this regard, Ficklin makes the same mistake made by the BCSD.  Apparently for reasons related to Bacon's termination by the BCSD, the BCSD never placed in the record admissible evidence of the reasons for Ficklin's reassignment.  Instead, it relied on an assistant superintendent's testimony concerning the reasons she thought Bacon reassigned Ficklin.  Because the assistant superintendent could not properly testify about Bacon's reasons for reassigning Ficklin, the Court denied the BCSD's Motion for Summary Judgment on Ficklin's retaliatory reassignment claim.  Now Ficklin tries to rely on such evidence to prove a conflict between Bacon's claimed reasons for the reassignment and those advanced earlier by the BCSD.  However, speculation by an assistant superintendent about the

Ficklin's strongest pretext argument is that time commitments were not a true issue of concern. Bacon testified that the decision to reassign Ficklin was made toward the end of May or beginning of June. At that time, many of Ficklin's Law Academy responsibilities were, in fact, removed. Thus, Ficklin has met the time commitment reason on its head and rebutted it.

However, in the process of rebutting this reason for Ficklin's reassignment, Ficklin uncovered another reason for the reassignment. Bacon acknowledged that as the previous school year progressed, severe budget cuts forced him to reassign teachers, including Ficklin, from extracurricular activities to classroom duties. According to Bacon, Ficklin did not take this well; he thought Bacon was doing this for "personal" reasons. Their relationship deteriorated to the point that Bacon "didn't trust Mr. Ficklin to carry out things as I wanted them to be done…." (Doc. 48, at 18). According to Bacon, he was struggling to deal with a budget crisis that caused a substantial reduction in teaching positions and Ficklin was complaining about being reassigned more classroom duties. Under these circumstances, it is not unreasonable that Bacon began to lose confidence in Ficklin.

Bacon also stated that he reassigned Ficklin because he believed other teachers could provide better instruction and improve test scores. Ficklin makes much of Bacon's failure to remember the names of the teachers who replaced him, but Bacon's memory lapse does not meet the reason head on and rebut it. By stating that he believed other teachers could do a better job, Bacon was contending that other teachers were more qualified. Thus, Ficklin must prove that no reasonable impartial person could have chosen

reasons for the reassignment does not create a material conflict with Bacon's firsthand testimony about why

the candidate selected over him to prove pretext. Ficklin does not meet this bar because he argues that his scores were "by and large in the mix with the rest of the teachers at that level." (Doc. 49, at 4) (quotations and citation omitted). Because Ficklin has not rebutted each legitimate, nondiscriminatory reason asserted by the BCSD, he has not established pretext.

Even if Ficklin could successfully navigate the *McDonnell Douglas* test on this issue, he does not necessarily survive summary judgment. In *Reeves v. Sanderson Plumbing Products, Inc.*, the Supreme Court held that there are "instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory." 530 U.S. 133, 148 (2000). In this event, judgment as a matter of law for the defendant is appropriate. *Chapman*, 229 F.3d at 1025 n.11. At least in the Eleventh Circuit this marked a significant change in the law. Before *Reeves*, the Eleventh Circuit had held that an employer was never entitled to judgment as a matter of law once a plaintiff offered sufficient evidence of pretext. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997).

*Reeves* states that courts should consider the following factors when determining whether judgment as a matter of law is appropriate: the strength of the plaintiff's prima facie case; the probative value of the proof that the employer's explanation is false; and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law. 530 U.S. at 148-49.

---

he reassigned Ficklin.

Here, Ficklin has an extremely weak prima facie case because he was reassigned within the same school and did not receive a reduction in pay.  The reassignment was adverse, Ficklin claimed, because teaching upper-level courses is "generally perceived" as more prestigious.  Ficklin also claimed that there were significant differences in disciplinary issues and that many less serious students leave school before the eleventh or twelfth grade, suggesting, apparently, that teaching upperclassmen is easier.  Based on this, the Court ruled the reassignment was sufficiently adverse to establish a prima facie case, it was only barely so.  Moreover, it is now clear that the decision-maker was Bacon and not the Board, superintendent, or any other central office employee.  While the BCSD can be held responsible for discriminatory conduct by its principals, the entire theory of Ficklin's case is that the BCSD Board and the superintendent's office were behind his discriminatory treatment.  Never has he implicated Bacon; indeed Bacon, before he lost trust in Ficklin, recommended him for an assistant principalship even though Ficklin had a pending discrimination claim against the BCSD.

Accordingly, because Ficklin cannot prove the BCSD's proffered legitimate, nondiscriminatory reasons were all pretextual or, alternatively, because the *Reeves* exception applies, the Motion should be granted on Ficklin's claim for discrimination pursuant to 29 U.S.C. § 623(d) with regard to his reassignment.

### III. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment is **GRANTED** on the Plaintiff's retaliation claims with regard to his reassignment to ninth grade.  Because this reassignment was the only remaining issue, the Motion for Summary Judgment is **GRANTED** on all claims and this action shall be removed from the trial calendar.

**SO ORDERED**, this the 10th day of May, 2011.


                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, JUDGE
                                        UNITED STATES DISTRICT COURT